1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGINIA GOODMAN,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR VIOLATION** |
| ) | **OF FEDERAL FAIR DEBT** |
| vs. ) | **COLLECTION PRACTICES ACT** |
| ) | **AND ROSENTHAL FAIR DEBT** |
| **ENHANCED RECOVERY** ) | **COLLECTION PRACTICES ACT** |
| **COMPANY, LLC,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer for

Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection

Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices.

Complaint - 1

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III.  PARTIES

3.      Plaintiff, Virginia Goodman ("Plaintiff"), is a natural person residing in Placer county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, Enhanced Recovery Company, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.      In January 2011, Defendant contacted Plaintiff in connection with an attempt to collect an alleged debt.

7.     On average, Plaintiff received from Defendant, more than two collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month.

8.     Defendant contacted Plaintiff at times and places that were known or should have been known to be inconvenient and with such a frequency as to constitute harassment under the circumstances.

9.     On more than one occasion, Defendant contacted Plaintiff on her cellular phone using automated and/or pre-recorded messages, causing Plaintiff to be charged for each and every call.

10.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff  (§1692c(a)(1)); and

   e) Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency

Complaint - 3

purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

11.     As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages;

D.     Costs and reasonable attorney's fees; and,

E.      For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

13.     Plaintiff reincorporates by reference all of the preceding paragraphs.

14.     To the extent that Defendant's actions, counted above, violated the

RFDCPA, those actions were done knowingly and willfully.

15.     Further, *§1788.17* of the RFDCPA mandates that every debt

collector collecting or attempting to collect a consumer debt shall comply with

the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to

the remedies in Section 1692k of, Title 15 of the United States Code statutory

regulations contained within the FDCPA, *15 U.S.C.  §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct

violated the RFDCPA;

B.      Actual damages;

C.      Statutory damages for willful and negligent violations;

D.      Costs and reasonable attorney's fees,

E.      For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 23rd day of April, 2011.

By:   <u>/s Todd M. Friedman</u>
           **Todd M. Friedman (216752)**
           **Law Offices of Todd M. Friedman, P.C.**
           **369 S. Doheny Dr. #415**
           **Beverly Hills, CA 90211**
           **Phone: 877 206-4741**
           **Fax: 866 633-0228**
           **tfriedman@attorneysforconsumers.com**
           **Attorney for Plaintiff**

Complaint - 6